**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**---------------------------------------------------X**

FERDI TURKMEN,

Plaintiff,

-against-

FOODS OF AMERICA INC. d/b/a WHITE OLIVE and KARIM SOPARIWALA,

Defendants.

**---------------------------------------------------X**

**Civ. Action No.**

**COMPLAINT**

Plaintiff, FERDI TURKMEN ("Plaintiff"), as and for his Complaint against Defendants, FOODS OF AMERICA INC. d/b/a WHITE OLIVE ("White Olive") and KARIM SOPARIWALA ("Sopariwala") (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Defendants own and operate White Olive, a Mediterranean restaurant located at 33 W 55th St, New York, NY 10019.

2. Plaintiff worked for Defendants as a line cook.

3. Plaintiff brings this lawsuit seeking to recover unpaid overtime wages and other relief related to his employment with Defendants.

## JURISDICTION AND VENUE

4. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law ("NYLL"), and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is an adult male currently residing in the State of New York.

9. Upon information and belief, Sopariwala is an adult male currently residing in the State of New York.

10. Upon information and belief, White Olive is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

### Defendant White Olive

11. White Olive maintains a principal place of business located at 33 W 55th Street, New York, New York 10019.

12. At all times relevant to this Complaint, White Olive had and continues to have employees engaged in commerce or in the production of goods and services for commerce, including Plaintiff.

13. At all times relevant to this Complaint, White Olive had and continues to have employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including Plaintiff.

14. At all times relevant to this Complaint, White Olive had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

15. During Plaintiff's employment, White Olive maintained control, oversight, and direction over him, including timekeeping, payroll, and other employment practices.

16. At all times relevant to this Complaint, White Olive was and is a covered employer within the meaning of the FLSA and the NYLL and, and at all times relevant to this Complaint, employed Plaintiff.

**Defendant Sopariwala**

17. At all relevant times, Sopariwala was and continues to be a shareholder, owner, officer, director, and/or a managing agent of White Olive.

18. At all relevant times, Sopariwala participated in running the daily operations of White Olive.

19. At all relevant times, Sopariwala participated in the management and supervision of Plaintiff and his work for White Olive.

20. At all relevant times, Sopariwala exercised operational control over White Olive, controlled significant business functions of White Olive, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of White Olive in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

21. Sopariwala determined the wages and compensation of White Olive's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire and fire its employees, including as such practices applied to Plaintiff.

22. Sopariwala hired Plaintiff.

23. Sopariwala fired Plaintiff.

24. Sopariwala decided Plaintiff's job duties and responsibilities.

25. Sopariwala supervised Plaintiff's job duties and responsibilities.

26. Sopariwala decided the manner in which Plaintiff was paid.

27. Sopariwala decided the compensation Plaintiff was paid.

28. Sopariwala decided the schedule Plaintiff worked.

29. Sopariwala decided the total number of hours Plaintiff worked each week.

30. Sopariwala was responsible for ensuring Plaintiff was paid properly.

31. At all relevant times, Sopariwala was an employer within the meaning of the FLSA and the NYLL and employed Plaintiff.

**Defendants Constitute Joint Employers**

32. Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. Defendants possessed substantial control over Plaintiff's working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff.

34. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

35. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Ferdi Turkmen**

36. At all relevant times, Plaintiff was an employee of Defendants as defined by the FLSA and the NYLL.

37. Defendants employed Plaintiff from on or about August 20, 2025 through on or about December 7, 2025.

38. Defendants employed Plaintiff as a line cook for their benefit and at their direction.

39. Plaintiff's job duties included preparing and cooking food.

40. During his employment, Plaintiff worked six (6) days a week with either Monday or Tuesday being his day off.

41. During his employment, Plaintiff worked the following schedule: Monday or Tuesday, Wednesday, and Thursday from 11:30 a.m. to 10:30 p.m.; and Friday, Saturday, and Sunday from 2:00 p.m. to 11:00 p.m.

42. During his employment, Plaintiff worked sixty (60) hours per week.

43. During his employment, Defendants paid Plaintiff a set weekly salary regardless of the amount of hours he worked.

44. During his employment, Defendants did not pay Plaintiff an overtime premium for all of the hours he worked in excess of forty (40) per week at a rate of one-and-one half times his regular rate of pay.

45. During his employment, Defendants did not pay Plaintiff spread-of-hours compensation for all days on which Plaintiff's shifts exceeded ten (10) hours at a rate of one (1) additional hour of pay at the statutory minimum wage rate.

46. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

47. Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

48. Because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, Plaintiff was kept in the dark about how much he should have been paid.

49. Had Defendants provided such wage notices and statements, Plaintiff would have

been more likely to know that he was entitled to overtime compensation for the hours he worked in excess of forty (40) each week, and spread-of-hours, and he could have advocated for himself and brought this lawsuit earlier to enforce his rights under state and federal law.

50. However, because Defendants did not provide Plaintiff with complete and accurate wage notices and paystubs, Plaintiff could not rectify the situation, which resulted in his continued underpayment of wages.

51. As a result of Defendants' failure to provide the required wage notices and statements, Plaintiff has incurred tangible, downstream harm.

52. Defendants were aware of Plaintiff's work hours but failed to pay him the proper wage to which he was entitled under the law.

53. Upon information and belief, Defendants were aware of the federal and state wage and hour laws.

54. Upon information and belief, Defendants knowingly disregarded the federal and state wage and hour laws.

55. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

56. Plaintiff has been and continues to be damaged by such failures in an amount to be determined at trial, including without limitation, unpaid wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 ET. SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59. Defendants are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

60. At all times relevant to this Complaint, the Corporate Defendant had two (2) or more employees handling goods or materials that have moved in interstate commerce, including Plaintiff.

61. Upon information and belief, the gross annual volume of sales made or business done by White Olive in each applicable year was not less than $500,000.00.

62. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

63. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

67. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

68. Defendants did not act in good faith with respect to the conduct alleged herein.

69. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

70. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71. At all times relevant to this Action, Plaintiff has been employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA.

73. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL.

74. Plaintiff is not exempt from the overtime provisions of the NYLL because he does not meet the requirements for any of the exemptions available under New York law.

75. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

76. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the NYLL, Plaintiff has incurred and

continues to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 and 19**
**FAILURE TO PAY SPREAD OF HOURS COMPENSATION**

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. In violation of the NYLL and the Regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten (10) hours.

80. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

81. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

82. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

83. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the

employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

84. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

85. As a result of Defendants' failure to provide Plaintiff with wage notices, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately four (4) months without knowledge of his correct overtime rate.

86. Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation.

87. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF THET NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

88. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof;

deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

90. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

91. As a result of Defendants' failure to provide Plaintiff with wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately four (4) months without knowledge of his overtime rate and the number of hours for which he was paid each week.

92. Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation.

93. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through his attorneys, The NHG Law Group, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime and spread-of-hours compensation;

3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage

notices and statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action;

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and,

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
October 22, 2026

The NHG Law Group, P.C.

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com